UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRAD M. COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:20-cv-253 |
| | ) |
| CITY OF NEW ALBANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Brad M. Collier ("Collier"), by counsel, against Defendant, City of New Albany ("New Albany"), alleging violations of the American with Disabilities Act ("ADAA"), as amended, 42 U.S.C. § 12101 *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 *et. seq.*, and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

**II. PARTIES**

2. Collier, is a citizen of the United States and Indiana, and at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a governmental entity located in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to and 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. §1367, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117, 29 U.S.C. § 626, and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 29 U.S.C. § 630(b), 42 U.S.C. §2000e(b), and 29 U.S.C. §2611(4).

6. Collier was an "employee" as that term is defined by 42 U.S.C. §12111(4), 29 U.S.C. § 630(f), and 42 U.S.C. §2000e(f).

7. Collier, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Collier satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination – 470-2020-02413 and a subsequent Amended Charge of Discrimination 470-2020-02413 with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Indiana Civil Rights Commission against Defendant alleging discrimination based on his race, age, disability, and retaliation. Collier received the required Dismissal and Notice of Suit Rights, and timely files this action.

9. All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Collier, who is African-American and 51 years old, was hired by New Albany in or around August 1999 as a Firefighter.

11. Collier was promoted to Captain in or around March 2012.

12. Collier currently holds the position of Sergeant and reports to Matt Boweyer ("Boweyer"), Battalion in Chief.

13. Collier is a qualified individual with disabilities. Specifically, on or about May 28, 2018, Collier suffered a heart attack and requires ongoing monitoring and treatment as a result of his heart disease. He has a prescription for Lidvalo, a cholesterol medication, which he takes along with aspirin on a daily basis.

14. On or about July 27, 2019, Collier underwent surgery to repair a hernia. As a result of his medical treatment, it was necessary for Collier to take medical leave under the FMLA on July 27, 2019 until on or around September 2019.

15. Collier was eligible for FMLA leave, completed the necessary certification for FMLA leave, and the Defendant approved his FMLA leave.

16. Upon returning to work, Collier discovered that his medical condition and information had been shared among his co-workers without his authorization. Collier reported this to Deputy Chief Brian Gadd, who failed to take corrective action.

17. In or about November 2019, Collier, along with another co-worker, reported to his supervisor that he had been made aware that a third co-worker was engaging in criminal activity.

18. Upon making said report, Collier and the other reporting co-worker were instructed by Management to "keep quiet" about the allegations contained within their report against the third co-worker.

19. No action was taken against the third co-worker as a result of Collier's report of the criminal activity. That co-worker was a non-disabled Caucasian individual, who is approximately 30 years of age.

20. On or about November 19, 2019, Collier was suspended for five (5) days.

21. At the same time, Collier was also demoted from his position as a Captain to a Sergeant which resulted in a 5% pay decrease.

22. He was informed that he was being disciplined for violating Defendant's Rules of Professionalism.

23. The other reporting co-worker, however, received more favorable treatment than Collier in that he was discharged, but then later reinstated to his prior position without additional adverse action by Defendant. That co-worker was a non-disabled Caucasian individual, who is approximately 30 years of age.

24. Following Collier's demotion, during the time period of or about January 21, 2020 to March 12, 2020, he was given shift assignments outside his job classification during 12 of 17 shifts.

25. Shift assignments that were more desirable because of the rank and pay scale which they reflected, such as driving a fire truck, were given to firefighters with less rank and experience who were under age 40, such as Trent Baker and Jeremy Longest, who are both approximately 30 years of age or younger.

26. In another instance, two Captains, both of whom are Caucasian, were involved in a physical altercation. Neither of the two individuals were subjected to disciplinary action.

27. Defendant's alleged reason for Collier's disciplinary actions, demotion, and adverse treatment is pretext for discrimination and/or retaliation against him because of his status as a disabled individual in violation of the American with Disabilities Act.

28. Defendant's alleged reason for Collier's disciplinary actions, demotion, and adverse treatment is pretext for discrimination and/or retaliation against him because of his age in violation of the Age Discrimination in Employment Act.

29. Defendant's alleged reason for Collier's disciplinary actions, demotion, and adverse treatment is pretext for discrimination and/or retaliation against him because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq,*.

30. Defendant's alleged reason for Collier's disciplinary actions, demotion, and adverse treatment is pretext for retaliation against him for his use of leave under the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq,*.

31. Collier has been damaged by Defendant's actions.

32. Collier filed an initial Charge with the EEOC in or around June 2020 and an amended Charge on or about September 18, 2020, both of which outline the Defendant's unlawful actions.

## V. LEGAL ALLEGATIONS

### COUNT I: DISABILITY DISCRIMINATION

33. Collier hereby incorporates by reference paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34. Defendant discriminated against Collier on the basis of his status as a disabled individual by subjecting him to disparate treatment, a hostile work environment, unwarranted discipline, and a demotion.

35. Defendant's actions were intentional, willful and in reckless disregard of Collier's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

36. Collier has suffered damages as a result of Defendant's actions.

### COUNT II: ADAA-RETALIATION

37. Collier hereby incorporates by reference paragraphs one (1) through thirty-six (36) of his Complaint as if the same were set forth at length herein.

38. Defendant retaliated against Collier for his status as a qualifying disabled individual under the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*, by subjecting him to disparate treatment and adverse

actions, including suspension, demotion and assigning him less favorable shift assignments, while other non-disabled individuals were not subjected to the same.

39. Defendant's actions were in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq*.

40. Defendant's actions were intentional, malicious and done with reckless disregard for Collier's legally protected rights.

41. Collier has suffered damages as a result of Defendant's actions.

## COUNT III: RACE DISCRIMINATION

42. Collier hereby incorporates by reference paragraphs one (1) through forty-one (41) of his Complaint as if the same were set forth at length herein.

43. Collier was subjected to a hostile work environment, different terms and conditions of his employment based on his race, in that adverse actions were taken against him, including suspension and a demotion, while other, similarly situated Caucasian individuals were not.

44. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq,*.

45. Defendant's actions were willful, intentional and done with reckless disregard for Collier's legally protected rights.

46. Collier has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV:  TITLE VII-RETALIATION

47. Collier hereby incorporates by reference paragraphs one (1) through forty-six (46) of his Complaint as if the same were set forth at length herein.

48. Defendant retaliated against Collier because of his race by subjecting him to disparate treatment and adverse actions, including suspension, demotion and assigning him less favorable shift assignments, while other Caucasian individuals were not subjected to the same.

49. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq,.*

50. Defendant's actions were intentional, malicious and done with reckless disregard for Collier's legally protected rights.

51. Collier has suffered damages as a result of Defendant's actions.

## COUNT V:  AGE DISCRIMINATION

52. Collier hereby incorporates by reference paragraphs one (1) through fifty-one (51) of his Complaint as if the same were set forth at length herein.

53. Collier was subjected to a hostile work environment, assigned less favorable shift assignments, and demoted based on his age.

54. Defendant's actions were in violation of the Age Discrimination in Employment Act.

55. Defendant's actions were willful, intentional and done with reckless disregard for Collier's legally protected rights.

56. Collier has suffered damages as a result of Defendant's unlawful actions.

### COUNT VI: ADEA-RETALIATION

57. Collier hereby incorporates by reference paragraphs one (1) through fifty-six (56) of his Complaint as if the same were set forth at length herein.

58. Defendant retaliated against Collier because of his age by subjecting him to disparate treatment and adverse actions, including suspension, demotion and assigning him less favorable shift assignments, while other younger individuals were not subjected to the same.

59. Defendant's actions were in violation of the Age Discrimination in Employment Act

60. Defendant's actions were intentional, malicious and done with reckless disregard for Collier's legally protected rights.

61. Collier has suffered damages as a result of Defendant's actions.

### COUNT IV: FMLA-RETALIATION

62. Collier hereby incorporates by reference paragraphs one (1) through sixty-one (61) of his Complaint as if the same were set forth at length herein.

63. Defendant retaliated against Collier for having taken medical leave under the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq,*. by subjecting him to disparate treatment and adverse actions, including suspension, demotion and assigning him less favorable shift assignments,

while other individuals who had not utilized FMLA leave were not subjected to the same.

64. Defendant's actions were in violation of the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq*.

65. Defendant's actions were intentional, malicious and done with reckless disregard for Collier's legally protected rights.

66. Collier has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Brad M. Collier, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstatement to his former position with the Defendant to include the same pay and benefits received prior to his demotion;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

3. Pay compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

4. Compensatory damages – including, but not limited to, damages for physical, mental, and emotional distress;

5. Punitive damages;

6. Pay liquidated damages for Defendants' violation of the FMLA and ADEA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

                Respectfully submitted,

                /s/ Jennifer C. Smith
                Jennifer C. Smith
                Kyle Biesecker
                BIESECKER DUTKANYCH & MACER, LLC
                101 N. Seventh Street
                Louisville, Kentucky 40204
                Telephone:   (502) 561-3443
                Facsimile:     (812) 424-1005
                Email: jcornellsmith@bdlegal.com
                Email: kfb@bdlegal.com

                *Attorneys for Plaintiff, Brad M. Collier*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Brad M. Collier, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/ Jennifer C. Smith
Jennifer C. Smith
Kyle Biesecker
BIESECKER DUTKANYCH & MACER, LLC
101 N. Seventh Street
Louisville, Kentucky 40204
Telephone: (502) 561-3443
Facsimile: (812) 424-1005
Email: jcornellsmith@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff, Brad M. Collier*